REQUESTED BY: Alvin Abramson Director, Nebraska Department of Motor Vehicles
You have asked three questions regarding the enforcement of Nebraska's Administrative License Revocation statutes, Neb. Rev. Stat. §§ 60-6,205 et seq. (1993).
QUESTION 1: "Whether a county attorney can instruct city and county law enforcement agencies to stop performing the duties prescribed in Neb. Rev. Stat. § 60-6,205 (2), (3) and (4) to file administrative license revocation sworn reports with the Department of Motor Vehicles?"
ANSWER: Among the duties of county attorneys is the duty to "give opinions and advice to the board of county commissioners and other civil officers of their respective counties. . . ." Neb. Rev. Stat. § 23-1203 (1991). Although it is recognized that county attorneys and other public officials have a responsibility to enforce Nebraska statutes [Neb. Rev. Stat. § 25-21,147 (1989)], this responsibility first requires a determination of what the law requires. This job can be difficult where, as here, Nebraska courts issue divergent opinions regarding the interpretation of Nebraska statutes or their constitutionality. With respect to Nebraska's A.L.R. statutes, the Nebraska Court of Appeals held on March 14, 1995, that the enforcement of the A.L.R. statutes in conjunction with the enforcement of Nebraska's DWI statutes does not constitute double jeopardy. State v. Young, 3 Neb. App. 539
(1995). No final mandate has issued in the Young case, however, because the Nebraska Supreme Court has accepted a petition for further review of the case. Meanwhile, one judge of the county court of Douglas County has found that the enforcement of the A.L.R. statutes in conjunction with the enforcement of the DWI statutes does, in fact, constitute double jeopardy. State v. Gross, T 95-2975 (May 1, 1995); State v. Reed, T 95-3771 (May 2, 1995). We understand that those public officials who have expressed a present reluctance to enforce the A.L.R. statutes have done so due to their concern that the enforcement of the statutes may infringe upon constitutional rights of defendants and may cause DWI criminal convictions to become void.
QUESTION 2: "Neither law enforcement must obey such instruction?"
ANSWER: No. Nebraska county attorneys do not directly supervise county or city law enforcement personnel. County sheriffs report to boards of county commissioners, and police chiefs report to mayors. Public officials have a responsibility to exercise their best judgment when enforcing Nebraska statutes, absent a court order. Neb. Rev. Stat. § 25-21,147 (1989).
QUESTION 3: "If the statutory duties of section 60-6,205 are mandatory, what action may the Department of Motor Vehicles take in the event a law enforcement agency systematically refuses to perform its mandatory statutory duties regarding the impoundment of licenses and the filing of administrative license revocation sworn reports?"
ANSWER: Nebraska statutes do not give the Department of Motor Vehicles the authority to take over the command and direction of any police chief or county sheriff. Neb. Rev. Stat. § 25-2156
(1989) provides that a "writ of mandamus may be issued to any . . . person, to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station. . . ." The Nebraska Supreme Court has set three requirements which must be met before a writ of mandamus may be imposed: (1) The party seeking the writ must have a clear legal right to the relief sought; (2) There must be a corresponding clear duty on the part of the officer, existing at the time the writ is applied for; and (3) There must be no other plain and adequate remedy available in the ordinary course of the law. State ex rel.Scoular Properties v. Bemis, 242 Neb. 659 (1993); State ex rel.Blome v. Bridgeport Irr. Dist., 205 Neb. 97 (1979). In the present case, the ALR statutes do set forth duties for an "arresting peace officer", and there may be no other plain and adequate remedy available under the law to ensure the enforcement of the statutes. However, because of conflicting court decisions concerning ALR, it is not clear that the Department of Motor Vehicles has a "legal right to the relief sought." Ultimately, this will require a decision of the Nebraska Supreme Court or appropriate federal court.
The reason some law enforcement officials are not enforcing ALR is because of understandable legal concerns that to do so may allow drunken drivers to escape all criminal penalties for their acts. There is no reason to believe that, once the Nebraska Supreme Court has resolved this legal question, law enforcement officials will not take appropriate action. Therefore, a mandamus proceeding at this time is not reasonably available.
Because of the importance of this issue, we filed a motion on June 26, 1995, asking the Nebraska Supreme Court to expedite the processing of State v. Young. Unfortunately, the Court overruled this motion. We now anticipate that the Nebraska Supreme Court will issue a decision in this case next winter. Until it does so, the handling of ALR reports is a matter most appropriately left in the hands of local law enforcement.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
Approved by:
Don Stenberg 
Attorney General